UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

ICON HEALTH & FITNESS, INC.,
a Delaware corporation,

     Plaintiff,

vs.

IFITNESS, INC., a Florida corporation,

     Defendant.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff ICON HEALTH & FITNESS, INC. ("ICON" or "Plaintiff") hereby complains against defendant IFITNESS, INC. ("Defendant") for the causes of action alleged as follows:

### THE PARTIES

1. ICON is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 1500 South 1000 West, Logan, Utah 84321.

2. ICON alleges on information and belief that IFITNESS, INC. is a Florida corporation with its principal place of business located at 1891 NE 146th Street, North Miami, Florida 33181.

### JURISDICTION AND VENUE

3. This is a civil action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, unfair and deceptive trade practices arising under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*, and trademark infringement and unfair competition arising under the common law of the state of

Florida.  Jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, 1338 and 1367 and upon 15 U.S.C. § 1121.

4. Upon information and belief, Defendant is a citizen of the State of Florida, has transacted business, has contracted to supply goods or services, and/or has caused injury within the State of Florida, and has otherwise purposely availed itself of the privileges and benefits of the laws of the State of Florida, and therefore is subject to the jurisdiction of this Court pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure and Florida Statutes § 48.193.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

6. ICON is an award-winning innovator in the field of exercise equipment and markets and sells a variety of consumer products.

7. ICON came to its position of technological leadership through hard work and substantial investment in research and development.  As a result of its endeavors, many of the technological innovations created and owned by ICON are protected by a valuable and diverse intellectual property portfolio that includes patents, trademarks, trade dress, and copyrights.

8. Several of ICON's successful innovations have been in the design and development of treadmills, elliptical machines, exercise bikes, strength training equipment, and other fitness-related equipment, devices, and associated exercise and personal training services that ICON markets under the trademarks "I FIT" and "IFIT.COM" (collectively referred to herein as the "IFIT Trademarks").

9. ICON first began using each of the IFIT Trademarks in interstate commerce in February 1999.

10. ICON is the owner of United States Trademark Registration No. 2,618,509 (the "'509 Registration") for the mark I FIT as used in connection with "fitness and exercise

**COMPLAINT** 2

machines" in International Class 028 and "educational services, namely, conducting personal training in the field of health and fitness" in International Class 041. A true and correct copy of the Certificate of Registration of the '509 Registration is attached hereto as Exhibit A.

11. ICON is the owner of United States Trademark Registration No. 2,466,474 (the "'474 Registration"), for the mark IFIT.COM as used in connection with "providing information and consultation services in the field of exercise equipment and personal health, fitness and nutrition by means of a global computer network" in International Class 042. A true and correct copy of the Certificate of Registration of the '474 Registration is attached hereto as Exhibit B.

12. ICON's right to use the IFIT Trademarks is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

13. Pursuant to Section 22 of the Lanham Act, 15 U.S.C. § 1072, ICON's '509 Registration and '474 Registration constitute constructive notice of ICON's ownership of rights in its IFIT Trademarks.

14. ICON has developed recognition and goodwill for the products and services sold under the IFIT Trademarks, among both ICON's immediate customers and the consuming public, generally.

15. As a result of, *inter alia*, ICON's substantial investment in the IFIT Trademarks and the products and services marketed under those trademarks, the consuming public recognizes the IFIT Trademarks and associates products with those marks with a single source, namely ICON.

16. Defendant markets and sells fitness-related products bearing the mark "IFITNESS" through an Internet presence it maintains at *www.ifitnessinc.com* (the "Website").

Visitors to the Website may purchase Defendant's products directly by providing shipping and payment information.

16. Upon information and belief, Defendant sells or has sold fitness-related products bearing the IFITNESS mark to at least one fitness attire and equipment retailer within the State of Florida.

17. Defendant uses the IFITNESS mark in interstate commerce in connection with the sale of goods.

18. ICON's products and services sold under the IFIT Trademarks and Defendant's products sold under the IFITNESS mark are both directed to the fitness enthusiast market generally and to competitive and recreational runners in particular.

19. Defendant's IFITNESS mark is confusingly similar to ICON's IFIT Trademarks.

20. Defendant's use of the IFITNESS mark is likely to cause confusion, mistake, or deception in the minds of the public as to the source of Defendant's products and/or their affiliation with ICON.

21. On February 8, 2011, ICON sent a letter to Defendant attaching copies of the '509 Registration and '474 Registration, and placing Defendant on actual notice of ICON's rights in the IFIT Trademarks.

22. Defendant began using the IFITNESS mark no earlier than June 2008, over eight years after ICON began using its IFIT Trademarks in interstate commerce, nearly seven years after the issuance of the '474 Registration for the IFIT.COM mark and over five-and-a-half years after the issuance of the '509 Registration for the I FIT mark.

**FIRST CAUSE OF ACTION**
**Federal Trademark Infringement, 15 U.S.C. § 1114**

24.     By this reference ICON realleges and incorporates the foregoing paragraphs 1 through 23, as though fully set forth herein.

25.     Defendant's use of the IFITNESS mark is likely to cause confusion, mistake or deception as to the source, origin, affiliation, connection, or association of Defendant's products with ICON, or as to the approval of Defendant's products by ICON, and thus constitutes infringement of ICON's incontestable rights in the IFIT Trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

26.     Upon information and belief, Defendant's infringement of ICON's incontestable rights in the IFIT Trademarks has taken place with full knowledge of ICON's rights, and, therefore, has been intentional, deliberate, and willful.

27.     Defendant will, if not enjoined by this Court, continue its acts of trademark infringement set forth above, which have caused and will continue to cause ICON immediate and irreparable harm.

28.     ICON has no adequate remedy at law for the damage to its reputation and goodwill and will continue to be irreparably damaged unless Defendant is permanently enjoined, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, from its infringing and improper conduct.

29.     Defendant's violation of 15 U.S.C. § 1114 has caused, and is causing, ICON damage in an amount to be established at trial, including Defendant's profits and ICON's lost profits.

30. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, ICON is entitled to a judgment for damages not to exceed three times the amount of its actual damages, together with interest thereon, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### False Designation of Origin, 15 U.S.C. § 1125(a)

31. By this reference ICON realleges and incorporates the foregoing paragraphs 1 through 23, as though fully set forth herein.

32. Defendant's use of the IFITNESS mark is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection or association of Defendant's products with ICON, or as to the approval of Defendant's products by ICON, and thus constitutes trademark infringement, false designation of origin, and unfair competition with respect to the IFIT Trademarks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. Upon information and belief, Defendant's actions have taken place with full knowledge of ICON's rights in the IFIT Trademarks and therefore have been intentional, deliberate and willful.

34. Defendant will, if not enjoined by this Court, continue its acts of unfair competition set forth above, which have caused and will continue to cause ICON immediate and irreparable harm.

35. ICON has no adequate remedy at law for the damage to its reputation and goodwill and will continue to be irreparably damaged unless Defendant is permanently enjoined from its infringing and improper conduct.

36. Defendant's violation of 15 U.S.C. § 1125(a) has caused ICON to suffer damages in an amount to be established at trial, including Defendant's profits and ICON's lost profits.

37. Pursuant to Section 15 U.S.C. § 1117, ICON is entitled to a judgment for damages not to exceed three times the amount of its actual damages, together with interest thereon, in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### Cancellation of United States Trademark Registration No. 3,667,821, 15 U.S.C. § 1119

38. By this reference ICON realleges and incorporates the foregoing paragraphs 1 through 23, as though fully set forth herein.

39. On August 11, 2009 the United States Patent and Trademark Office issued United States Trademark Registration No. 3,667,821 for the Trademark/Service Mark IFITNESS for use with, *inter alia*, waist belts, yoga pants, gym shorts, sports shirts with short sleeves, muscle tops, tank tops, and headbands against sweating in International Class 025 (the "'821 Registration").

40. Use of the junior IFITNESS mark in the manner described in the '821 Registration causes a likelihood of confusion with ICON's senior IFIT Trademarks.

41. Under Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court has the power and authority to direct the Director of the United States Patent and Trademark Office to cancel the '821 Registration.

42. ICON seeks an order under 15 U.S.C. § 1119 directing the Director of the United States Patent and Trademark Office to cancel the '821 Registration.

## FOURTH CAUSE OF ACTION
### Deceptive and Unfair Trade Practices Under Fla. Stat. § 501.201 *et. seq.*

43. By this reference ICON realleges and incorporates the foregoing paragraphs 1 through 23, as though fully set forth herein.

44. Defendant, by its actions set forth hereinabove, has engaged in competitive acts or practices that are unlawful, unfair, and/or deceptive in violation of, *inter alia*, Fla. Stat. § 501.204.

45. Defendant's conduct as set forth hereinabove gives rise to a cause of action for deceptive and unfair trade practices under the laws of the State of Florida, including at least Fla. Stat. § 501.201, *et seq.*

46. Upon information and belief, Defendant's actions have taken place with full knowledge of ICON's rights in the IFIT Trademarks and therefore Defendant knew or should have known that its conduct was and is unfair, deceptive, or prohibited.

47. By reason of the foregoing, ICON has suffered damages and irreparable harm.

48. By reason of the foregoing, ICON is entitled to injunctive relief and actual damages from Defendant, along with its attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### Common Law Unfair Competition

49. By this reference ICON realleges and incorporates the foregoing paragraphs 1 through 23, as though fully set forth herein.

50. Defendant, by its actions set forth hereinabove, has engaged in unfair competition in violation of the common law of the State of Florida.

51. By reason of the foregoing, ICON has suffered damages and irreparable harm. In addition, Defendant has been unjustly enriched by its unlawful conduct.

52. By reason of the foregoing, ICON is entitled to injunctive relief, actual damages, and punitive damages.

## SIXTH CAUSE OF ACTION
### Common Law Trademark Infringement

53. By this reference ICON realleges and incorporates the foregoing paragraphs 1 through 23, as though fully set forth herein.

54. Defendant, by its actions set forth hereinabove, has engaged in trademark infringement in violation of the common law of the State of Florida.

55. By reason of the foregoing, ICON has suffered damages and irreparable harm. In addition, Defendant has been unjustly enriched by its unlawful conduct.

56. By reason of the foregoing, ICON is entitled to injunctive relief, actual damages, and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, ICON respectfully requests that this Court enter an Order granting the following relief:

A. For judgment that Defendant's conduct infringes ICON's rights in the IFIT Trademarks;

B. Pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), permanently enjoining Defendant, its principals, agents, and servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner ICON's rights in its IFIT Trademarks and from marketing, advertising, promoting, offering for sale, selling, or distributing services under the IFITNESS mark.

C. Ordering the Director of the United States Patent and Trademark Office to cancel U.S. Trademark/Service Mark Registration No. 3,667,821 for the Trademark/Service Mark IFITNESS;

D. For destruction of the infringing articles in Defendant's possession under Section 36 of the Lanham Act, 15 U.S.C. § 1118;

E. For damages in an amount to be proven at trial for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114;

F. For damages in an amount to be proven at trial for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

G.   For disgorgement of Defendant's profits pursuant to at least Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

H.   An award of three times Defendant's profits or ICON's damages, whichever is greater, pursuant to at least Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b);

I.   An award of ICON's attorney's fees and costs in bringing this action, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

J.   Actual damages pursuant to applicable state statutory and common law, including at least Fla. Stat. § 501.201 *et seq.*;

K.   Injunctive relief pursuant to applicable state statutory and common law, including at least Fla. Stat. § 501.201 *et seq.*;

L.   An award of ICON's costs in bringing this action pursuant to applicable state statutory and common law, including at least Fla. Stat. § 501.201 *et seq.*;

M.   An award of ICON's attorneys' fees pursuant to applicable state statutory and common law, including at least Fla. Stat. § 501.201 *et seq.*;

N.   An imposition of a constructive trust on, and an order requiring a full accounting of, the sales made by Defendant as a result of its wrongful or infringing acts alleged herein;

O.   Prejudgment interest, pursuant to at least Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b);

P.   Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

Q.   For such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

ICON demands trial by jury on all claims and issues so triable.

Dated:  January 11, 2012.                     Respectfully submitted,

                                          **AKERMAN SENTERFITT**
Suite 2500
Sun Trust International Center
One Southeast Third Avenue
Miami, Florida 33131-1714
Telephone:     (305) 374-5600
Facsimile:      (305) 374-5095
Email:            James.Miller@Akerman.com
Email:            Ryan.Roman@Akerman.com

By: s/Ryan Roman
    James M. Miller
    Florida Bar No. 0201308
    Ryan Roman
    Florida Bar No. 0025509

Attorneys for Plaintiff
ICON HEALTH & FITNESS, INC.

**OF COUNSEL:**

David R. Wright (*dwright@wnlaw.com*)*
R. Parrish Freeman (*pfreeman@wnlaw.com*)*
Gregory E. Jolley (*gjolley@wnlaw.com*)*
**WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone:  (801) 533-9800
Facsimile:   (801) 321-1707
**Pro Hac Vice* Application To Be Filed