UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-CIV-20125-MORENO/BROWN

ICON HEALTH & FITNESS, INC.,
a Delaware corporation,

    Plaintiff,

vs.

IFITNESS, INC., a Florida corporation,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT AND TO DISMISS

DEFENDANT IFITNESS, INC. ("iFitness") by undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(e) and 12(b)(6), respectfully moves this Court for an entry of an Order for a more definite statement, and an Order dismissing the claim(s) alleging intentional, deliberate, knowing, and willful infringement and prayer for treble damages under 15 U.S.C. § 1117, and for punitive damages under Florida common law, in the Complaint of Plaintiff, Icon Health & Fitness, Inc. ("Icon"). As explained in the supporting Memorandum of Law below, the Complaint is legally deficient because (a) it fails to identify products upon which the parties' respective trademarks are alleged to cause confusion with sufficient definiteness to permit an Answer to be made; and (b) the Complaint is, at best, no more than a "formulaic recitation of the elements" of allegations of intentional, deliberate, knowing, and willful infringement, and thus fails to state a plausible claim for relief on that basis.

In the face of facts alleging that Defendant iFitness owns a federal registration for its trademark, it cannot, as a matter of law, be liable for willful infringement simply by exercising rights granted by federal statute.  In support of this Motion, iFitness respectfully refers the Court to the Memorandum of Law below.

## FACTS

In its Complaint, Icon alleges that it designs and develops treadmills, elliptical machines, exercise bikes, strength training equipment, and, "other fitness-related equipment, devices, and associated exercise and personal training services," that it markets under the trademarks IFIT and IFIT.COM (Para. 8).  it has registered those marks with the United States Patent and Trademark Office (Paras. 10 and 11).  It alleges that Icon's products and services sold under its trademarks, and iFitness's products sold under the IFITNESS mark, are both directed to the fitness enthusiast market generally and to competitive and recreational runners in particular (Para. 19), and that iFitness's use of its IFITNESS trademark is likely to cause confusion in the minds of the public (Para. 21).  Icon further alleges that iFitness markets and sells "fitness-related products" bearing the mark IFITNESS (Para. 16).  The Complaint also alleges that iFitness's trademark, IFITNESS, is a trademark registered with the United States Patent and Trademark Office (Para. 39).

In Count I (Federal Trademark Infringement, 15 U.S.C. § 1114) Icon alleges, "upon information and belief," that iFitness's use of its [registered] trademark has taken place with full knowledge of Icon's rights and has therefore been intentional, deliberate, and willful (Para 26), and entitles Icon to treble damages (Para. 30).  Count II (False Designation of Origin, 15 U.S.C. § 1125(a)) alleges, "upon information and belief," that iFitness's actions have taken place with

2

full knowledge of Icon's rights in its trademark, and have therefore been intentional, deliberate, and willful (Para. 33), entitling Icon to treble damages (Para. 37).

Count IV (Florida Unfair and Deceptive Trade Practices, Fla. Stat. § 201.501, *et seq.*) alleges, "on information and belief," that iFitness's actions have taken place with full knowledge of Icon's rights in its trademarks; that iFitness knew or should have known that its conduct was unfair, deceptive, or prohibited (Para. 46); and that it is entitled to recover, *inter alia*, its attorneys fees (Para. 48).

Counts V (Common Law Unfair Competition) and VI (Common Law Trademark Infringement) allege that iFitness, "by its actions set forth hereinabove," has engaged in conduct that entitles it to recover, *inter alia*, punitive damages (Paras. 52 and 56).

**ARGUMENT**

**Plaintiff's description of Defendant's products is indefinite**

In Paragraph 16, Icon labels the iFitness products bearing the allegedly infringing mark as being "fitness-related," but does not state what those "fitness-related" products are, nor how they are similar or related to products sold by Icon under its marks.  In the absence of a description or identification of the products allegedly sold under an allegedly infringing trademark, iFitness cannot assess the claim against it, nor provide a proper answer.

Infringement of federally registered marks is governed by the test of whether the defendant's use is "likely to cause confusion, or to cause mistake, or to deceive."  15 U.S.C. § 1114.  The Patent and Trademark Office (PTO) uses the same test under Lanham Act § 2(d) in determining whether a mark which is the subject of an application for registration is likely to cause confusion with a previously used or registered mark.  In each case, when the goods and

services of the parties are not directly competitive, the question of likelihood of confusion is sometimes restated as: are the goods and services of the parties "related?" McCARTHY ON TRADEMARKS AND UNFAIR COMPETITION (hereinafter McCARTHY), 4th Ed. (2011), § 23:1.

> Goods (or services) are "related," not because of any inherent common quality of the respective goods, but "related" in the sense that buyers are likely to believe that such goods, similarly marked, come from the same source, or are somehow connected with or sponsored by the same company. "Related" means that the marks as used are "related" in the mind of the consuming public.

*Id.*

In order for iFitness to assess whether or not its products identified in the complaint as being sold or offered for sale under its trademarks are sufficiently "related" to the products offered and sold by Icon, it is necessary for Icon to allege what products are at issue. The indefinite label of "fitness-related" products is inadequate to provide sufficient notice to enable iFitness to answer the Complaint. Icon should be required to plead with greater specificity which products offered by iFitness are accused of being sold under an infringing trademark.

**<u>Plaintiff's description of Plaintiff's products is indefinite</u>**

In Paragraph 8, Icon alleges that it designs and develops, under its IFIT and IFIT.COM trademarks, treadmills, elliptical machines, exercise bikes, strength training equipment, and "other fitness-related equipment, devices, and associated exercise and personal training services." In the absence of a description of what products are encompassed by the phrase, "other fitness-related equipment [and] devices," iFitness is not able to assess the claim against it, nor to provide a proper answer to the allegation.

As argued above, the use of the term "fitness-related" to describe products sold by Icon is too indefinite to provide iFitness with legal notice of Icon's allegations. iFitness does not manufacture or sell exercise machines of any kind, and it is not clear whether iFitness's "fitness-related" products are allegedly related to Icon's exercise machines or to its "other fitness-related equipment, devices, and associated exercise and personal training services." Icon should be required to identify which of its products are supposedly "related" to those offered by iFitness so that its allegations of infringement can be properly addressed in an Answer.

**Plaintiff's claims of intentional infringement are inadequately pleaded**

In Counts I, II, IV, and V, Icon has pleaded, "upon information and belief," that iFitness's infringement was intentional, deliberate, willful, or taken with full knowledge of Icon's trademarks. These allegations fail to provide sufficient notice of the basis for Icon's claims of intentional, deliberate, and willful infringement.

The Supreme Court has recently provided clarification as to the pleading requirements of Rule 8: "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court explained further that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . .

5

> *. . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.*

*Id.* (*citations omitted*) (*emphasis added*).

In its complaint, Icon alleged no facts to support its claim that iFitness acted intentionally and willfully to infringe its trademark. Every allegation of willful intent is prefaced by the phrase, "upon information and belief . . ." and generally concludes that iFitness had knowledge of Icon's trademarks. Such an allegation is an insufficient factual basis to support a claim for willful infringement, as is evident from the holdings of *Twombly* and *Iqbal*.

Indeed, this Court has recently held that an "allegation that 'upon information and belief' the defendant acted willfully is sufficient under *Iqbal* <u>only if</u> the plaintiff 'lists supporting facts' to show that the defendant had the requisite knowledge." *Trebor Industries, Inc. v. Regatta AS*, Case No. 10-60371-CIV-JORDAN [DE #37 at p. 2] (*citing CTF Development, Inc. v. Penta Hospitality, LLC*, 2009 WL 3517617, at *5 (N.D. Cal. 2009); *Btesh v. City of Maitland, Fla.*, 2010 WL 497718, at *4 (M.D. Fla. 2010)). In *Trebor*, a patent case, the plaintiff alleged that "upon information and belief," the defendants "make, use, import, offer to sell, and/or sell … one or more products that infringe on the '678 Patent," and that "[u]pon information and belief, at least Defendant Regatta has willfully and deliberately infringed the '678 Patent." *Id*. at p. 1. Based on these allegations alone, this Court held that "absent facts detailing Regatta's knowledge, Trebor's willful infringement claim is insufficient." *Id*. at p. 3.

Similar reasoning should govern this case. Icon offers no facts to support its allegations that iFitness even knew of Icon's IFIT and IFIT.COM trademarks, much less that it intentionally infringed them. In the absence of any facts whatsoever to support Icon's allegations of willfulness and deliberate infringement, these claims should be dismissed.

**<u>The Complaint alleges a complete defense to willful infringement</u>**

Count III of the Complaint (seeking the cancellation of iFitness's trademark registration) alleges that iFitness has a trademark registration for IFITNESS (which is pleaded in the Complaint, at Para. 39).  Ownership of a federal trademark registration signifies that the owner's use of its registered mark for goods defined in the registration is *prima facie* evidence of the validity of the mark, and of the owner's ownership and exclusive right to use its mark on or in connection with the goods or services specified in the certificate (15 U.S.C. § 1057(b)).  Unless iFitness is accused of using its IFITNESS registered trademark on goods <u>not</u> identified in its registration, or is accused of having committed fraud on the Patent and Trademark Office ("PTO") in acquiring its registration, the statute 15 U.S.C. § 1057(b) (Lanham Act, § 7) establishes *prima facie* that iFitness has the <u>exclusive</u> right to use its mark on or in connection with the goods or services specified in the certificate.  In other words, until adjudicated an infringer by a court of competent jurisdiction, iFitness has every right to rely upon its registration as giving it the right to use its trademark upon the goods specified in the registration.

The Complaint does not accuse iFitness of using its mark on goods not covered by its registration; nor is iFitness accused of having acquired its registration through fraud on the PTO. Accordingly, because iFitness owns a federal registration that protects its use of the mark that is accused of infringing, it cannot have the state of mind required for a finding of intentional or willful infringement.  The same law (the Lanham Act) that supports Icon's use of the Lanham Act as a sword to vindicate its rights, acts as a shield to protect iFitness from liability for willful or intentional conduct in using its registered mark.

Similar reasoning applies to Icon's prayer for <u>punitive damages</u> under the common law of trademarks and unfair competition. Here, however, the analysis may be viewed under the Supremacy Clause of the Constitution. It is fair for a putative defendant to inquire how, by exercising a right recognized and protected by federal statute, it can be held liable for punitive damages under state common law simply for exercising that right. Clearly, federal protection given to a registered trademark owner cannot be overridden by the common law of any state. There is no basis for Icon's claim for punitive damages at common law.

## CONCLUSION

Icon's Complaint is impermissibly vague in identifying the goods or services that form the basis of its claims for trademark infringement and unfair competition. Rather than identify the trademarked products of iFitness that allegedly infringe Icon's trademark as used on its own products, Icon attempts to short-circuit the analysis by resorting to a "fitness-related" label that makes its case by concealing the actual products offered by the parties under their respective trademarks. The very vagueness of the "fitness-related" label makes it impossible to analyze the claim, and it is unfair to require the Defendant to Answer the Complaint in its current form.

Icon's allegations of intentional and willful infringement are belied by its own allegations that iFitness is offering products under its own <u>registered</u> trademark. In the absence of allegations of misuse or fraud, iFitness cannot be liable for willful infringement simply by exercising its federal trademark rights. The same reasoning applies to Icon's claims for punitive damages under the common law.

The Court should dismiss Icon's claims of willful infringement, and its prayer for punitive damages, with prejudice; and it should enter an Order requiring Icon to amend its

Complaint to plead with greater specificity the products upon which the parties use their respective trademarks.

Dated:  February 3, 2012　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　FELDMAN GALE, P.A.
　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant, iFitness, Inc.*
　　　　　　　　　　　　　　　　　　　　　　　One Biscayne Tower – 30th Floor
　　　　　　　　　　　　　　　　　　　　　　　2 S. Biscayne Boulevard
　　　　　　　　　　　　　　　　　　　　　　　Miami, FL 33131-4332
　　　　　　　　　　　　　　　　　　　　　　　Telephone No.  (305) 358-5001
　　　　　　　　　　　　　　　　　　　　　　　Facsimile No.  (305) 358-3309


　　　　　　　　　　　　　　　　　　　　　　　By:  */s/ Michael C. Cesarano*
　　　　　　　　　　　　　　　　　　　　　　　　　　Michael C. Cesarano
　　　　　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 297216
　　　　　　　　　　　　　　　　　　　　　　　　　　E-Mail: mcesarano@feldmangale.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 3rd day of February, 2012, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  The undersigned also certifies that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


　　　　　　　　　　　　　　　　　　　　　　　*/s/ Michael C. Cesarano*

## SERVICE LIST
*Icon Health & Fitness, Inc. v. iFitness, Inc.*
Case No. 12-CIV-20125-MORENO/BROWN
United States District Court, Southern District of Florida

James M. Miller, Esq.
E-Mail: james.miller@akerman.com
Ryan Roman, Esq.
E-Mail: ryan.roman@akerman.com
**Akerman Senterfitt**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2500
Miami, FL 33131
Telephone No.  (305) 374-5600
Facsimile No.  (305) 374-5095
*Counsel for Plaintiff*
*Via transmission of Notices of Electronic Filing generated by CM/ECF*

David R. Wright, Esq.
E-Mail: dwright@wnlaw.com
R. Parrish Freeman, Esq.
E-Mail: pfreeman@wnlaw.com
Gregory E. Jolley, Esq.
E-Mail: gjolley@wnlaw.com
**Workman Nydegger, PC**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone No.  (801) 533-9800
Facsimile No.  (801) 321-1707
*Of Counsel for Plaintiff*
*Via transmission of Notices of Electronic Filing generated by CM/ECF*