UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 12-20125-CIV-MORENO**

ICON HEALTH & FITNESS, INC.,

      Plaintiff,

vs.

IFITNESS, INC.,

      Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT

This litigation began when Plaintiff, ICON Health and Fitness, Inc. ("ICON") filed its complaint **(D.E. No. 1)** for federal and state trademark infringement and state claims for deceptive practices and unfair competition against the Defendant, IFITNESS, Inc. ("IFITNESS").

ICON is in the field of exercise equipment, designing and developing treadmills, elliptical machines, exercise bikes, strength training equipment, and other fitness-related equipment, devices and associated exercise and personal training services. ICON markets all of these products and services under its two trademarks "I FIT" and "IFIT.com" (collectively "the IFIT trademarks"). (*See* ICON Compl. ¶¶ 6-9). In its complaint, ICON alleged that it had been using each of its two IFIT trademarks in interstate commerce since 1999. (*See Id.* at ¶ 9). ICON attached to its complaint the United States Trademark Registrations for these two marks. The "I FIT" mark, No. 2,618,509 ("the '509 Registration"), is to be used in connection with "fitness and exercise machines" and "educational services, namely, conducting personal training in the field of health and fitness." (*See* Ex. A). The "IFIT.com" mark, No. 2,466,474 ("the '474 Registration"), is to be used in connection

with "providing information and consultation services in the field of exercise equipment and personal health, fitness, and nutrition by means of a global computer network." (*See* Ex. B). These IFIT Trademarks were issued by the United States Patent and Trademark Office in 2002 and 2001, respectively.

The Defendant, IFITNESS, markets and sells fitness-related products bearing the mark "IFITNESS" through its online presence at www.ifitnessinc.com. The Defendant owns Trademark No. 3,667,821 ("the '821 Registration") to use the mark IFITNESS on fitness products such as waist belts, yoga pants, gym shorts, sports shirts, muscle tops, and tank tops. IFITNESS was issued this Trademark on August 11, 2009.

Counts I and II state claims pursuant to the Lanham Act for federal trademark infringement under 15 U.S.C. § 1114 and for false designation of origin under 15 U.S.C. § 1125(a). Specifically, ICON alleges that Defendant's use of the IFITNESS mark is likely to cause confusion as to the origin or association of the Defendant's products with ICON's products and thus constitutes trademark infringement and false designation of origin. In addition, ICON alleges that IFITNESS' infringement was deliberate because it was made aware of ICON's trademarks in a February 2011 letter from ICON.

Count III states a claim for cancellation of trademark under 15 U.S.C. § 1119. Specifically, ICON alleges that the Defendant's mark, IFITNESS, is junior to ICON's marks and should be cancelled under this Court's power to direct the United States Patent and Trademark Office ("U.S.P.T.O.") to cancel the Defendant's registration.

Count IV states a claim for deceptive and unfair trade practices under Fla. Stat. § 501.204, and counts V and VI plead common law claims for unfair competition and trademark infringement.

Plaintiff asks for relief in the form of damages for violations of the federal Lanham Act, the cancellation of the Defendant's IFITNESS Trademark with the U.S.P.T.O., the destruction of the infringing articles in the Defendant's possession, a permanent injunction against the Defendant from infringing upon the plaintiff's IFIT trademarks, disgorgement of the Defendant's profits, an award of three times the Defendant's profits or the Plaintiff's damages, attorney's fees and costs, and all other damages, costs, and injunctive relief available under state and common law.

In response to the Plaintiff's complaint, the Defendant filed a Motion for a More Definite Statement and To Dismiss **(D.E. No. 5)**.

## LEGAL STANDARD AND ANALYSIS

I. The Defendant's Motion to Dismiss

A. Standard of Review

A grant of a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim is reviewed *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). A court will not grant a motion to dismiss unless the plaintiff fails to allege any facts that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Bradberry v. Pinellas Cnty.*, 789 F.2d 1513, 1515 (11th Cir. 1986). Although the complaint must include plausible factual allegations concerning all elements of the claim, "the pleading standard Rule 8 announces does not require detailed factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 5555 (2007). When ruling on a motion to dismiss, a court must view the complaint in the light most

-3-

favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986).

B. Legal Analysis

ICON's complaint pleads six counts for trademark infringement, deceptive practices and unfair competition. In its motion to dismiss, the Defendant argues three reasons that these claims should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Court explains below why none of these reasons warrant the dismissal of the Plaintiff's complaint.

1. Whether ICON's description of the products in dispute is too "indefinite"

a. The complaint gives the Defendant sufficient notice of the legal and factual basis of the Plaintiff's claims

In arguing for dismissal of the Plaintiff's two claims for federal trademark infringement, the Defendant argues that the complaint's descriptions of both the Defendant and the Plaintiff's products are too "indefinite" to permit the Defendant to assess the claims brought against it or furnish an Answer to the complaint. According to the Defendant, the complaint is "indefinite" because it fails to identify or describe either the products sold by the Defendant that infringe ICON's marks or the Plaintiff's products that may be confused with the Defendant's products. As to the failure to identify the Defendant's products, IFITNESS argues that ICON is required to identify which of the Defendant's products are alleged to infringe upon the Plaintiff's trademark in order to provide the Defendant with sufficient notice to answer the complaint. As to the failure to identify the Plaintiff's products, IFITNESS argues that ICON is required to identify which of the Plaintiff's products are included under the complaint's description of "fitness-related

-4-

equipment" because the Defendant does not manufacture or sell exercise machines, such as ellipticals, but the Plaintiff does. However, these arguments fail because they extend the pleading requirements for a trademark claim beyond the basic legal elements necessary to establish an infringement claim under the Lanham Act.

To state a claim for trademark infringement under the Lanham Act, 15 U.S.C. §1114, "the plaintiff must allege that the mark was used in commerce by the defendant without the plaintiff's consent and that the defendant's use of the mark was likely to cause consumer confusion." *Gelsomino v. Horizon Unlimited, Inc.*, 2008 WL 4194842 (S.D. Fla. Sept. 10, 2008)(citing *Optimum Tech. Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007)). ICON has satisfied the pleading requirements of Fed. R. Civ. P. 8 by alleging in its Complaint that it owns valid trademarks, that the Defendant used these trademarks in interstate commerce knowingly and without ICON's consent, and that such use is likely to confuse or deceive consumers because the parties' goods and services are all "fitness-related." *Jackson v. Grupo Indus. Hotelero, S.A.*, 2008 WL 4648999 (S.D. Fla. Oct. 20, 2008).

To survive a motion to dismiss, it is not necessary for the Plaintiff to identify precisely which of a Defendant's products allegedly infringe the Plaintiff's trademark. Courts have found a trademark claim to be sufficiently pled when the complaint identified the plaintiff's trademarks and pointed to "specific websites with the infringing trademark usage" but stopped short of identifying a specific image or product. *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1122 (C.D. Cal. 2001)(holding the complaint's allegations were not "hopelessly vague" and put the Defendant on notice of the nature of the claims). In its complaint, the Plaintiff identifies "IFITNESS" as the infringing mark being used by the Defendant. The Plaintiff argues

that there can be no doubt as to which of the Defendant's products are accused of infringement because every product the Defendant sells bears the "IFITNESS" mark that is the subject of this suit. At this stage, IFITNESS has sufficient notice of what this suit is about: ICON owns the IFIT trademarks, ICON alleges the Defendant has knowingly used these trademark on its products, and that this use is likely to confuse consumers. Any further information the Defendant needs regarding the "IFITNESS" mark on its products and that mark's similarity to the Plaintiff's IFIT marks can be acquired during discovery. *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007)(denying the plaintiff's motion to dismiss the Defendant's counterclaims because the complaint "effectively apprises plaintiffs of the legal and factual grounds on which Home Depot seeks to advance its claims.").

b. The "likelihood of confusion" element is an issue of fact that cannot be ruled upon in a motion to dismiss

The Defendant incorrectly argues that ICON's statement that the parties' products and services are all "fitness-related" is a legal conclusion as to the likelihood of consumer confusion and therefore does not benefit from the assumption of truth generally given to pled facts in a plaintiff's complaint. The majority of the federal circuits hold that the likelihood of consumer confusion is an issue of fact, not law, that is to be decided by the final fact-finder. *Coach House Rest. Inc. v. Coach and Six Rest., Inc.*, 934 F.2d 1551, 1560-63, 1565 (11th Cir. 1991)("[W]e have already seen that the confusion issue presents genuine issues of material fact."); *see also* 4 *McCarthy on Trademarks and Unfair Competition* § 23:67 (4th ed. 1994). Therefore, under the standard of review in a motion to dismiss, this Court is required to accept as true the Complaint's statement that the parties' products and services are "fitness-related" and likely to cause

consumer confusion. The similarity between the marks "IFIT" and "IFITNESS" makes such a factual allegation plausible enough to support the Plaintiff's trademark infringement claim.

c. Whether the parties' goods are "related" is a legal test to be applied at summary judgment

The Defendant argues that in an infringement case where the goods of the parties are not in direct competition, the "likelihood of confusion" between the marks is determined by asking whether the goods are "related" as defined by substantive trademark law. Therefore, the Defendant argues, it cannot assess whether its products are "related" to ICON's products unless ICON specifically identifies the Defendant's allegedly infringing products and the Plaintiff's products with which they may be confused. This argument preemptively enters into an analysis of what legal test the Plaintiff would need to satisfy to prove the "confusion" element of its infringement claim, an issue which is not ripe for ruling at the motion to dismiss stage.

The Defendant's argument mischaracterizes the legal standard that ICON's infringement claims must meet to survive a motion to dismiss. At this stage, the plaintiff merely has to plead each element of a trademark infringement claim and support each element with plausible facts. ICON has done so, as has already been discussed. At a subsequent summary judgment stage, this court may make a determination as to whether ICON has carried its burden on the "likelihood of confusion" element and whether the products are sufficiently "related," but at this stage it is irrelevant and premature to analyze whether ICON has done so. This argument is more appropriately raised on the merits of the evidence at the summary judgment stage, after the discovery process has developed further facts regarding the products in dispute.

Accordingly, the Plaintiff has adequately pled counts I and II for federal trademark infringement.

2. Whether the Plaintiff has adequately pled intentional infringement by the Defendant

IFITNESS argues that in counts I, II, IV and V, the Plaintiff has pled merely "upon information and belief" that the Defendant's infringement of ICON's trademarks was intentional, deliberate, willful or taken with full knowledge of ICON's trademarks. IFITNESS argues that the Complaint states no facts supporting ICON's claim that IFITNESS knew about the IFIT trademark, let alone that IFITNESS acted intentionally and willfully to infringe those trademarks.

A review of paragraphs 10, 11, and 22 of the complaint easily disposes of this argument. Paragraphs 10 and 11 of the complaint state that ICON is the owner of the registrations for the IFIT marks. (*See* ICON Compl. ¶¶ 10, 11). ICON has also attached copies of the registration papers with its complaint. (*See* ICON Compl. Exhs. A, B). Federal law is clear that when a mark is registered on the principal register, it serves as constructive notice of the registrant's claim of ownership. 15 U.S.C. § 1072. Thus, the Defendant had at least constructive notice of the trademarks.

In addition to this constructive notice, the complaint alleges that ICON sent the Defendant a letter on February 8, 2011 attaching copies of ICON's trademark registrations and thus placing the Defendant on actual notice of ICON's ownership of the IFIT trademarks. (*See* ICON Compl. ¶ 22). Courts have found willfulness when a Plaintiff "contacted Defendants regarding their infringing conduct and Defendants ignored Plaintiff's communications." *Arista Records v. Becker Enter.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003). Because at the motion to dismiss stage this Court must accept the Plaintiff's allegations as true, ICON has adequately pled that the Defendant had actual and constructive notice of ICON's trademarks. Therefore, Counts I, II, IV and V will not be dismissed based on inadequate pleading as to whether the Defendant's

infringement was intentional.

3. Whether the Defendant's registration of the IFITNESS mark is a defense to willful infringement

The Defendant argues that its registration of the "IFITNESS" mark provides it with a complete defense to the Plaintiff's federal trademark infringement claims. In other words, the Defendant argues that the registration of its "IFITNESS" mark warrants the dismissal of counts I and II for failure to state a claim.

In making this argument, the Defendant relies upon the language of section 33(a) of the Lanham Act, which establishes that registration of a mark "shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(a). The Defendant argues that the registration of its mark can be used as a shield from the Plaintiff's claim of infringement based on the presumption of validity that registration provides. However, the Defendant failed to recognize that the provision continues further to state that the evidentiary effect of registration "shall not preclude an opposing party from proving any legal or equitable defense or defect . . . which might have been asserted if such mark had not been registered." *Id.*

Moreover, the shield that Defendant seeks to employ is unavailable when a mark is registered but has not yet become incontestable. The United States Supreme Court has held that incontestable marks enjoy the benefit of being able to enjoin an infringement action against the mark's registrant, but has not extended this protection to contestable marks. *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 205 (1985)("We conclude that the holder of a registered

mark may rely on incontestability to enjoin infringement...”). To become incontestable, a mark must not only be registered, but also in continuous use for five years thereafter and the registrant must have applied for a certificate of incontestability from the U.S.P.T.O.. 15 U.S.C. § 1065. There can be no doubt that the Defendant's trademark has not become incontestable yet because it was only registered in August 2009, less than three years ago and therefore is not yet eligible for a certificate of incontestability.

The Defendant's argument that registration is a complete defense to the Plaintiff's claims also fails because the Lanham Act specifically provides for the cancellation of registered marks which have not become incontestable. *See* 15 U.S.C. § 1064 ("A petition to cancel a registration of a mark, stating the grounds relied upon, may . . . be filed as follows by any person who believes that he is or will be damaged."). To successfully petition for cancellation of a registration, the plaintiff must prove: "(1) that it has standing to petition for cancellation because it is likely to be damaged, and (2) that there are valid grounds for discontinuing registration." *Coach House Rest. Inc.*, 934 F.2d at 1557. The first element is satisfied by Plaintiff's pleading that it has registered its IFIT trademarks. The Plaintiff's petition for cancellation relies on this third ground. To establish valid grounds for discontinuing a registration under 15 U.S.C. § 1064(3), "the petitioner must prove: (1) that the registered mark resembles petitioner's mark, (2) that petitioner acquired trade identity rights in the mark before the [Defendant] used the mark; and (3) that the registered mark is likely to cause confusion when used in connection with the [goods] of [the Defendant]." *Coach House Rest. Inc.*, 934 F.2d at 1559. As stated earlier, a determination of the likelihood of confusion is a statement of fact that is to be determined by the final fact finder.

Moreover, registration cannot be a shield to a trademark infringement claim because "the presumption of validity is not conclusive of the strength of the mark for purposes of determining likelihood of confusion." 4A *Callmann on Unfair Competition, Trademarks and Monopolies* § 26:5 (4th ed. 1981). *See also Petro Stopping Ctr., L.P. v. James River Petroleum, Inc.*, 130 F.3d 88, 92 (4th Cir. 1997)("[A]lthough a district court cannot cancel an incontestable trademark on grounds of functionality or descriptiveness, it can and should consider those grounds when determining whether likelihood of confusion has been established."). Even incontestable marks are not completely protected from cancellation on the basis of likelihood of consumer confusion. *See* 15 U.S.C. § 1115(b)("Such conclusive evidence of the right to use the registered mark shall be subject to proof of infringement.").

Finally, the Defendant argues that the registration of its "IFITNESS" mark also requires dismissal of ICON's request for punitive damages in Counts V and VI for violation of trademark infringement and unfair competition under Florida common law. The Defendant argues that Florida common law cannot override the protections afforded by federal law to a trademark registrant. However, as discussed above, this argument fails because registration of a contestable mark does not provide the registrant with a complete defense to trademark infringement.

The contestable registration of the Defendant's "IFITNESS" mark does not require dismissal of the Plaintiff's two counts for trademark infringement and one count for cancellation of trademark.

II. Motion for More Definite Statement

A. Standard of Review

A motion for more definite statement is appropriate if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The purpose of the pleading standards under Fed. R. Civ. P. 8 is "'to strike at unintelligibility rather than want of detail and allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement.'"*Boldstar*, 517 F. Supp. 2d at 1291 (citing *Asip v. Nielsen Media Research, Inc.*, 2004 WL 315269 *2 (S.D.N.Y. Feb. 18, 2004)). Motions for a more definite statement are generally disfavored in the federal system in light of the liberal pleading and discovery requirements of the Federal Rules." *Nature's Health and Nutrition, Inc. v. Nuñez*, 2008 WL 4346329 *1 (S.D. Fla. 2008)(citing *BB in Tech. Co., Ltd. v. JAF, LLC.*, 242 F.R.D. 632, 640 (S.D. Fla. 2007)). In *Nuñez*, the court held that a more definite statement was unnecessary in a trademark dispute in which the complaint alleged that the plaintiff had "acquired superior rights in his 'NUNEZ marks,' and that Nature Health's brand 'EPHDRASIM' either sounds like or was derived from letters or sound elements of, one or more of Nunez's brands." *Nuñez*, 2008 WL 4346329 at *1. The court found those allegations were "not so vague and ambiguous that the plaintiff cannot be expected to respond in good faith or without prejudice." *Id.*

B. Legal Analysis

Similar to *Nuñez*, the Plaintiff in the instant case has pled that it owns the registration to two trademarks and that the Defendant's junior trademark causes a likelihood of confusion with ICON's senior trademarks. The Plaintiff's complaint is clear enough to put IFITNESS on notice

of the nature of the claim, trademark violation, and the specific trademark at issue, the

Defendant's IFITNESS mark.

## CONCLUSION

THIS CAUSE came before the Court upon the Defendant's Motion to Dismiss and For a

More Definite Statement (D.E. No. 5), filed on **February 3, 2012**.

THE COURT has considered the motion, response and the pertinent portions of the

record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. The Defendant is required to file an answer to

the complaint within the proscribed time.

DONE AND ORDERED in Chambers at Miami, Florida, this _2_ day of April, 2012.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

-13-