UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-20125-CIV-MORENO

ICON HEALTH & FITNESS, INC.,

    Plaintiff,

vs.

IFITNESS, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR BOND

THIS CAUSE came before the Court upon the Defendant's Motion for Bond **(D.E. No. 15)**, filed on **January 24, 2012**. The Defendant asks this Court to require the Plaintiff to post a bond of at least $400,000 to indemnify the Defendant for any damages it may incur in defending itself against the Plaintiff's claim for deceptive and unfair trade practices brought under Florida Statute § 501.204.

A motion to require a Plaintiff to post a bond is permitted under § 501.211(3) of the Florida Deceptive and Unfair Trade Practices Act which states:

> In any action brought under this section, upon motion of the party against whom such action is filed alleging that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may, after hearing evidence as to the necessity therefor, require the party instituting the action to post a bond in the amount which the court finds reasonable to indemnify the defendant for any damages incurred, including reasonable attorney's fees.

Florida courts have found the bond requirement appropriate when needed to "provide defendants an opportunity for redress for harassment rather than to discourage plaintiffs from seeking access to the courts." *Hamilton v. Palm Chevrolet-Oldsmobile, Inc.*, 366 So.2d 1233, 1234 (Fla. Dist. Ct. App. 1979). In order for a defendant to demonstrate the necessity for a bond, the defendant must

present evidence "directed towards the merits of the cause of action which is being prosecuted." *Id.* at 1235. Only plaintiffs "whose suits appear to be without merit are subject to the requirement." *Id.*

In its Motion for a Bond, the Defendant argues that count four of ICON's complaint is frivolous and without merit because the Defendant's registration of its"IFITNESS" trademark provides a complete defense to this count. The Defendant argues that the registration is prima facie evidence of the mark's validity and of the Defendant's exclusive right to use the mark under both the Lanham Act and the Florida Deception and Unfair Trade Practices Act. Therefore, the Defendant argues, the Plaintiff's claim for trademark infringement is *per se* frivolous and without merit. This argument fails for the reasons stated below.

The Defendant argues that its registration of the "IFITNESS" mark provides it with a complete defense to the Plaintiff's deceptive and unfair trade practices claim thus making the claim frivolous. In making this argument, the Defendant relies upon the language of section 33(a) of the Lanham Act which establishes that registration of a mark "shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(a). However, the Defendant failed to recognize that the provision continues further to state that the evidentiary effect of registration "shall not preclude an opposing party from proving any legal or equitable defense or defect...which might have been asserted if such mark had not been registered." *Id.* The Defendant's argument that registration is a complete defense to the Plaintiff's claims also fails because the Lanham Act specifically provides for the cancellation of registered marks which have not become incontestable. *See* 15 U.S.C. § 1064 ("A petition to cancel a registration of a mark, stating the grounds relied upon, may...be filed as follows by any person who

-2-

believes that he is or will be damaged."). The Defendant's registration of its "IFITNESS" mark does not make the Plaintiff's claim frivolous because registration is not a complete defense, and therefore the Defendant has failed to meet the standard required to obtain a bond under Florida § 501.211(3).

## CONCLUSION

THE COURT has considered the motion, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of ~~March~~ April, 2012.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record